IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bryant Thurman, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| Domingo Enriquez, Jr., Michael Wrobel, | ) |
| Karen Rittorno, Carlos Vieyra and the City | ) |
| of Chicago, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an action for constitutional and related state law violations by Chicago police officers.

2. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].

3. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

4. Venue is proper in the Northern District of Illinois under 28 U.S.C. Section 1391 because the acts complained of occurred here and, upon information and belief, the Defendants reside here.

### PARTIES

5. At all times herein mentioned, Plaintiff, Bryant Thurman, was and is a citizen of the United States, and resides within the jurisdiction of this court.

1

6. At all times herein mentioned, Domingo Enriquez, Jr., Michael Wrobel, Karen Rittorno, and Carlos Vieyra were employed by the City of Chicago Police Department as police officers and were acting under color of state law and as the employees, agents, or representatives of the City of Chicago. These Defendants are being sued in their individual capacities under Section 1983.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.

8. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

FACTUAL ALLEGATIONS

9. As of March 9, 2017, Bryant Thurman lived at 541 W. 44th Place, in Chicago, Illinois.

10. On that day, one or more of the individual defendant police officers forcibly entered his home.

11. There were two other adults in the home besides Thurman.

12. The police had no legal cause to enter the home.

13. The police had no legal cause to force entry into the home.

14. The police then searched the home.

15. During their search of the home, one or more of the officers claimed to have found a gun on a 7.5 feet tall china cabinet.

16. The defendant officers caused Thurman to be charged with unlawfully possessing a gun.

17. The officers had no probable cause to believe Thurman possessed any gun.

18. During their search of the home, one or more of the officers claimed to have found ammunition.

19. The defendant officers caused Thurman to be charged with unlawfully possessing ammunition.

20. The officers had no probable cause to believe Thurman possessed ammunition.

21. During their search of the home, one or more of the officers seized prescription oxycodone medicine that belonged to Thurman.

22. This oxycodone had been prescribed to Thurman.

23. The pills were in a pill bottle, and the bottle was clearly labeled as medicine prescribed to Thurman.

24. Despite this, the defendant officers caused Thurman to be charged with possession of a controlled substance in violation of 720 ILCS 570.0/402-C, which was a Class 4 Felony.

25. There was no probable cause for this PCS charge.

26. The officers caused Thurman to be falsely charged, and they did so with malice and without probable cause.

27. The officers wrote (and contributed to) false reports in furtherance of these false charges.

28. Thurman was then detained for 82 days, first by Chicago police and then by Cook County Department of Corrections ("CCDOC").

29. During the criminal prosecution, which the officers had initiated, they gave false statements to prosecutors.

30. Thurman went to trial January 16, 2018: the drug charge was nolle'd by the state; and the judge found Thurman not guilty (via directed verdict) of possessing a gun or ammunition.

31. Thurman has been harmed emotionally and financially by the above-described events.

32. Defendants' above-described acts were willful, wanton, and malicious and done with reckless indifference to and callous disregard for plaintiff's rights and justify the awarding of punitive damages against the individual defendants to punish and deter them and deter other police officers from similar conduct.

33. Plaintiff has had to retain an attorney to render legal assistance to him in this civil action so that he might vindicate his constitutional rights.

**Count I**
Against Individual Defendants
for Unlawful Search of the Home

34. Plaintiff hereby incorporates and re-allege paragraphs one (1) through thirty-three (33) as though fully set forth at this place.

35. The Fourth Amendment[1] provides: "The right of the people to be secure in their ... houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

36. The Defendants violated the Plaintiff's rights by 1) forcibly entering his home without cause; and 2) searching his home without a valid warrant or other legal cause.

37. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's home, was in violation of Plaintiff's constitutional rights and not authorized by law.

38. By reason of the conduct by Defendants, Plaintiff was deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

---

[1] Applicable to the states through the 14th Amendment

39. Therefore, the Individual Defendants are liable to Plaintiff for illegal search pursuant to 42 U.S.C. § 1983.

## Count II
Against Individual Defendants
for Unreasonable Seizure of Thurman's Person

40. Plaintiff Thurman hereby incorporates and re-alleges paragraphs one (1) through thirty-three (33) though fully set forth at this place.

41. The Fourth Amendment[2] provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV.

42. The defendant police officers violated Thurman's constitutional rights by detaining and arresting him without legal cause; causing him to be detained by police and then CCDOC; and falsely charging him with a crime.

43. Therefore, the Individual Defendants are liable to Thurman under 42 U.S.C. § 1983.

## Count III
Against all Defendants
for state law tort of Malicious Prosecution (PCS)

44. Plaintiff Thurman hereby incorporates and re-alleges paragraphs one (1) through thirty-two (32) as though fully set forth at this place.

45. The defendant officers caused Thurman to be charged with violating 720 ILCS 570.0/402-C (possession of a controlled substance).

46. They did so with malice and without probable cause as described above.

---

[2] Applicable to the states through the 14th Amendment

47. The charge terminated in plaintiff's favor on January 16, 2018: on that date, the State's Attorney *nolle*'d the charge.

48. Thurman was harmed by these false charges in at least the following ways: he was detained for 82 days; he faced the possibility of prison time for something he had not done; he had to pay for a criminal defense attorney to represent him; and he as false charges on his record.

49. The City of Chicago is liable for the acts of its agents under *respondeat superior*.

50. Therefore, all defendants are liable to Thurman for malicious prosecution under Illinois state law.

**Count IV**
Against all Defendants
for state law tort of Malicious Prosecution (gun, ammo)

51. Plaintiff Thurman hereby incorporates and re-alleges paragraphs one (1) through thirty-two (32) as though fully set forth at this place.

52. The defendant officers caused Thurman to be charged with unlawful possession of a gun and ammunition.

53. They did so with malice and without probable cause.

54. The charges terminated in plaintiff's favor on January 16, 2018: on that date, the judge found Thurman not guilty via directed verdict.

55. Thurman was harmed by these false charges in at least the following ways: he was detained for 82 days; he faced the possibility of prison time for something he had not done; he had to pay for a criminal defense attorney to represent him; and he has false charges on his record.

56. The City of Chicago is liable for the acts of its agents under *respondeat superior*.

57. Therefore, all defendants are liable to Thurman for malicious prosecution under Illinois state law.

**Count V**
Against City of Chicago
For Indemnification pursuant to 745 ILCS 10/9-102

58. Plaintiff hereby incorporates and re-alleges the above paragraphs as though fully set forth at this place.

59. Pursuant to 745 ILCS 10/9-102, the City of Chicago is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

60. The acts of the individual defendants were committed within the scope of their employment.

61. In the event that a judgment for compensatory damages is entered against any or all of the individual defendants, the City of Chicago must pay the judgment[3] and may pay the associated attorneys' fees and costs.

WHEREFORE, BRYANT THURMAN, by and through his attorney, Law Office of Julie O. Herrera, request that the Defendants be found liable and that:

a. all defendants be ordered to pay plaintiff's compensatory damages;
b. all defendants be ordered to pay plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;
c. the individual defendants be ordered to pay punitive damages;
d. all defendants be ordered to pay plaintiff's costs.

Respectfully submitted,

---

[3] excluding punitive damages

                                                BY:     _Julie O. Herrera_

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com