**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Bryant Thurman, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-1709 |
| | ) | |
| v. | ) | |
| | ) | Judge Kennelly |
| Domingo Enriquez, Jr., Michael Wrobel, | ) | |
| Karen Rittorno, Carlos Vieyra, and the City | ) | Magistrate Judge Schenkier |
| of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff's Motion to Consolidate and Reassign Related Cases
for the Purposes of Pre-Trial Discovery and Settlement Proceedings**

Now comes Plaintiff, Bryant Thurman ("Thurman"), by and through counsel, and hereby requests that the Court consolidate his two civil cases pending in this district, *Thurman v. Enriquez, et al.* [18-cv-1709] (this action) and *Thurman v. Dart, et al.* [18-cv-2720], which is assigned to Judge Kendall and Magistrate Judge Mason, for the purposes of conducting discovery proceedings, as well as any potential settlement proceedings. In support thereof, he states as follows:

1.      Thurman filed his Complaint in this action against the City of Chicago and CPD officers Domingo Enriquez, Jr., Michael Wrobel, Karen Rittorno, and Carlos Vieyra on March 8, 2018. [ECF Document #1].

2.      Initial disclosures in this action are to be made by May 29, 2018, and a status hearing is scheduled for June 25, 2018. [ECF Document #26].

3.      In this action, Thurman alleges that the Defendant CPD officers unlawfully searched his home, unreasonably seized him, and maliciously prosecuted him for drug and gun crimes. [ECF Document #1]. He claims that the City of Chicago is liable for the malicious prosecution claims under the theory of *respondeat superior. Id.*

4.      He further alleges that, as a result of Defendants' malicious prosecution, he spent

eighty-two days in custody. *Id.* He alleges that he spent seventy-one of those days in the custody of Cook County Sheriff Thomas J. Dart (the "Sheriff"), shackled to a bed in a hospital, instead of being held in Cook County Jail/Cermak. [ECF Document #1 in 18-cv-2720].

5.      In this action, he seeks to recover all damages proximately caused by the Defendants' alleged malicious prosecution (including for all of the harms he suffered while in the Sheriff's custody). *See* [ECF Document #1].

6.      In addition to this action, Thurman has brought a related case against the Sheriff, the County of Cook, and Unknown Cook County Sheriff Employees based on the conditions and restrictions of his confinement. [ECF Document #1 in 18-cv-2720]. When opening his civil case in *Thurman v. Dart, et al.* [18-cv-2720], Thurman indicated on the civil cover sheet that that case was related to this case. [ECF Document #2 in 18-cv-2720].

7.      Defendants' responsive pleadings in that action are due on June 6, 2018. [ECF Document #12 in 18-cv-2720].

8.      In that action, Thurman claims that, while in the Sheriff's custody as a result of the malicious prosecution alleged in this action, the Sheriff and the County of Cook violated the Americans with Disabilities Act and Rehabilitation Act by discriminating against him and failing to provide reasonable modifications, based on his morbid obesity. [ECF Document #1 in 18-cv-2720]. He further claims that, while in the Sheriff's custody as a result of the malicious prosecution alleged in this action, Unknown Cook County Sheriff Employees subjected him to unconstitutional restrictions and conditions of confinement—that they kept him shackled to a hospital bed around the clock, denied him the ability to associate with family and friends, denied him access to counsel and the courts, and denied him the right to a timely arraignment. *Id.* He further alleges that these actions were caused by unconstitutional policies of the Sheriff and the County of Cook, and that the

2

Sheriff violated a settlement agreement entered into in *May v. Sheahan* [99-cv-0395][1] by maintaining

such policies. *Id.*

9.      In that action, Thurman seeks to recover damages for physical, financial, and

emotional harm that he suffered as a result of the Sheriff's, the County of Cook's, and the Unknown

Cook County Sheriff Employees' violations. *Id.*

10.      Thurman contends that the Defendants' alleged actions in this action (their malicious

prosecution) proximately caused the damages that he suffered at the hands of the Sheriff, the

County, and the Unknown Cook County Sheriff Employees: *i.e.* if Thurman had not been

maliciously prosecuted, he would not have been in custody, and thus, he would not have suffered

any of the harms caused by the restrictions and conditions of his confinement.

11.      Thus, the damages he seeks to recover in this action and those he seeks to recover in

in *Thurman v. Dart, et al.* [18-cv-2720] necessarily overlap.

12.      Given the overlap in damages sought, these two cases are related under N.D.Ill.

Local Rule 40.4.

13.      Two or more civil cases may be related if the cases involve some of the same issues

of law or fact. N.D.Ill. Local Rule 40.4(a)(2).

14.      Here, the two cases necessarily involve some of the same issues of fact: the factual

details of the harm that he suffered while in custody. Further, these cases involve some of the same

legal issues: proximate cause and liability (in relation to the overlapping damages sought).

15.      Further, given that these actions involve common questions of law and fact, this

Court may consolidate the actions or issue any other orders to avoid unnecessary cost or delay. Rule

42(a)(2)-(3) of the Federal Rules of Civil Procedure.

16.      Given the relatedness of these cases, Thurman requests that these cases be partially

---

[1] Judge Schenkier presided over the approval of this settlement agreement. Judge Schenkier is also the
Magistrate Judge assigned to this action.

consolidated for the purposes of conducting coordinated discovery and any potential settlement proceedings.

17.     In such circumstances, consolidation for the purpose of conducting coordinated discovery is appropriate under Fed R. Civ. P. 42(a). *Garner v. Country Club Hills*, No. 11 C 5164, 2012 WL 1900020, at *2–3 (N.D. Ill. May 23, 2012) (Judge Dow) (recognizing that it was "in the interest of judicial efficiency to coordinate and consolidate [related] cases for the purposes of discovery pursuant to Rule 42(a)").

18.     Here, the majority of the discovery that will be conducted in *Thurman v. Dart, et al.,* will be relevant and vital to the claimed malicious prosecution damages in this action.

19.     Thus, it would be in the interests of judicial efficiency to consolidate these cases for the purposes of coordinated discovery. Doing so will prevent this Court and Judge Kendall from separately overseeing depositions of the same Unknown Cook County Sheriff Employees and other witnesses, as well as from overseeing duplicative written discovery and any issues that may arise in conducting that discovery.

20.     Additionally, at least two of Thurman's witnesses in this case will also be called in *Thurman v. Dart, et al.* These witnesses were present during Thurman's arrest (and are expected to testify about the details of the arrest) and were denied the ability to visit Thurman while he was in the Sheriff's custody (and are expected to testify that Unknown Cook County Sheriff Employees did not let them visit Thurman).

21.     In the event that any issues do arise with discovery in these cases, it will be efficient and just to have a single judge, with knowledge of both actions and an understanding of how issues in one case may affect the other, resolve them.

22.     Further, given that the damages sought overlap, it would be in the interests of judicial efficiency to, if all parties agree to a referral to a magistrate judge, consolidate these cases for

4

settlement proceedings and assign a single magistrate judge to conduct them. Given the overlap in damages claimed, it would be very difficult to have effective and efficient settlement discussions without the presence of all parties involved in these two cases. Additionally, these actions would likely prevent protracted discovery and prevent frustrated and delayed settlement discussions.

23.     Accordingly, Thurman requests that this Court reassign *Thurman v. Dart, et al.* to its docket for the purposes of conducting consolidated discovery and that, in the event that all involved parties agree to a referral to a magistrate for a settlement conference, that this Court consolidate the two cases for settlement proceedings and enter a joint referral to a single magistrate judge.

24.     This would be proper pursuant to Fed. R. Civ. P. 42(a), given that it would avoid unnecessary cost and delay, as described. Fed. R. Civ. P. 42.

25.     Further, such reassignment is appropriate pursuant to N.D.Ill. Internal Operating Procedure 13(e). *Brieger v. Tellabs, Inc.*, 434 F. Supp. 2d 567, 570 (N.D. Ill. 2006) (This Court) (explaining that the appropriate course when dealing with related cases under LR 40.4(a) that are not appropriate for full reassignment under Local Rule 40.4(b), "would be reassignment for purposes of discovery coordination only [assuming coordinated discovery would be appropriate], pursuant to N.D. Ill. IOP 13(e)"); *Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555, at *4 (N.D. Ill. Mar. 30, 2010) (Judge Gettleman) (explaining that the proper method of dealing with related cases that were improperly joined but were likely to involve common questions of law or fact was "joining discovery before a single judge to coordinate under this district's Internal Operating Procedure ("IOP") 13(e)").

26.     It is Thurman's counsel's understanding that the appropriate method for accomplishing this reassignment is to recommend that the Executive Committee enter an order directing this Court to preside over consolidated and coordinated pretrial discovery proceedings. *See* N.D.Ill. IOP 13(e) (requiring the Executive Committee to designate a judge to preside over pretrial

proceedings in multiple cases); *Garner v. Country Club Hills*, No. 11 C 5164, 2012 WL 1900020, at *3 (N.D. Ill. May 23, 2012) (Judge Dow) (recommending "that the Executive Committee enter an order (1) directing that [Judge Dow] preside over coordinated pre-trial proceedings in [four related cases] and (2) designating Magistrate Judge Kim to supervise a coordinated discovery process in [the four related cases]").

27.     Under Local Rule 40.4(c), which provides the rules for moving to fully reassign related cases to a district judge, the party moving for reassignment is to file the motion in the lowest-numbered case of the claimed related set. N.D.Ill. Local Rule 40.4(c).

28.     Although Thurman is not moving for reassignment under Local Rule 40.4(b) at this point, Local Rule 40.4 guided his decision to file this motion for consolidation before this Court, as this action has been assigned a lower case-number than *Thurman v. Dart, et al.* [18-cv-2720].

29.     In considering this Motion, Thurman further requests that, if this Court believes it to be appropriate based on the overlap discussed in this Motion, this Court confer with Judge Kendall to consider whether these cases are appropriate for reassignment to this Court by agreement under N.D.Ill. IOP 13(d), which provides that "where two or more judges agree that the reassignment of one or more cases to one of them will enable the case or cases to be more efficiently administered and will serve to save judicial time, the cases involved may be transferred to the Executive Committee with a request for such reassignment." N.D.Ill. IOP 13(d).

WHEREFORE, Plaintiff Bryant Thurman requests that his two civil cases pending in this district, *Thurman v. Enriquez, et al.* [18-cv-1709] (this action) and *Thurman v. Dart, et al.* [18-cv-2720], be consolidated and reassigned to This Court for the purposes of presiding over coordinated discovery, and that they be reassigned to a single magistrate judge for the purposes of conducting any settlement proceedings. Accordingly, Thurman requests that this Court enter an order recommending that the Executive Committee enter its own order directing this Court to preside

over consolidated and coordinated discovery proceedings and to allow this Court to designate a

single magistrate judge to preside over joint settlement proceedings in the two cases. In considering

this Motion, Thurman further requests that, if this Court believes it to be appropriate, this Court

confer with Judge Kendall to consider whether these cases are appropriate for reassignment to this

Court by agreement under N.D.Ill. IOP 13(d).

s/ Steven J. Molitor
One of Plaintiff's Attorney

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022 | Fax: 312-697-0812
smolitor@julieherreralaw.com